In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-21-00042-CR
_____

DANIELLE KUIMETS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause No. 17-28162

MEMORANDUM OPINION

Danielle Kuimets appeals her conviction for theft.[1] After filing the notice of appeal, the trial court appointed an attorney to represent Kuimets in her appeal. The attorney discharged his responsibilities to

_____

[1]Kuimets pleaded guilty to state-jail felony theft and pleaded true to prior convictions for theft and burglary. *See* Tex. Penal Code Ann. §§ 12.425, 31.03.

1

Kuimets by filing an *Anders* brief.[2] In the brief, Kuimets's attorney represents there are no arguable reversible errors to be addressed in Kuimets's appeal.[3] The brief the attorney filed contains a professional evaluation of the record. In the brief, Kuimets's attorney explains why, under the record in Kuimets's appeal, no arguable issues exist to reverse the trial court's judgment.[4] Kuimets's attorney also represented that he sent Kuimets a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Kuimets, by letter, that she could file a pro se brief or response with the Court on or before March 21, 2022. Kuimets, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal.[5] After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no arguable

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967).
[3]*See id*.; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[4]*Id*.
[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

grounds to support the appeal. Thus, it follows the appeal is frivolous.[6]

For that reason, we need not require the trial court to appoint another

attorney to re-brief the appeal.[7]

The trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 27, 2022
Opinion Delivered February 15, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[7]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Kuimets may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.